42 F.3d 1392
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael J. DON, Defendant-Appellant.
 No. 94-2365.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 16, 1994.
Decided Nov. 22, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 After being stopped for speeding, Michael Don signed a form authorizing the state trooper to search his car. The trooper found 78.66 kilograms (173 pounds) of marijuana in the trunk, and a jury convicted Don of possessing this marijuana with intent to distribute it. He was sentenced to 41 months' imprisonment.
 
 
 2
 1. Don signed the consent form. He asserts that he did so because the trooper told him that he had to sign; the trooper testified, to the contrary, that he told Don that he did not have to sign and was free to leave. The judge believed the trooper. The resolution of a clash in testimony cannot be upset on appeal unless powerful objective evidence undermines the story the judge credited. Anderson v. Bessemer City, 470 U.S. 564, 575 (1985); United States v. Dickerson, 975 F.2d 1245, 1249 (7th Cir.1992). Don seizes on the trooper's testimony that he became suspicious because the rear of the car was riding low and insists that 173 pounds in the trunk would not cause such an effect. But the record does not contain evidence on the subject. We do not know the state of the car's springs and the effect of putting a heavy weight in the trunk. The district court did not commit a clear error.
 
 
 3
 2. On appeal, Don contends that the judge should have instructed the jury on the lesser included offense of simple possession. He did not object to the district court's decision not to give such an instruction, however, so our review is for clear error. United States v. Olano, 113 S.Ct. 1770, 1776 (1993). There is no clear error, likely no error at all. Don's defense was that he had no idea what was in the trunk of his rented car. He did not argue that the marijuana was for personal consumption, and no evidence in the record would permit a reasonable jury to infer that one person could smoke 173 pounds of marijuana over a lifetime. The marijuana had a street value exceeding $150,000; what is the probability that a struggling college student would invest that kind of money for a personal stash? If Don wanted a lesser-included-offense instruction, he had to establish that a reasonable jury could have convicted him of all elements of the lesser offense while concluding that the element distinguishing the greater and lesser degrees was not present. Keeble v. United States, 412 U.S. 205, 208 (1973). Nothing in the record would have supported such a decision.
 
 
 4
 3. Don's final argument--that despite going to trial and arguing on appeal that the evidence does not support the conviction, he is entitled to a two-level reduction for acceptance of responsibility--is frivolous. United States v. Gomez, 24 F.3d 924, 926 (7th Cir.1994).
 
 
 5
 AFFIRMED.